No. 07-10-00242-CR
Cause No. 60,196
No. WR-80,751-01

**1413-14**

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

FOR THE STATE OF TEXAS

CHRYSTOPHER DON PRECIADO,
PETITIONER,

VS.

THE STATE OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 29 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

FEB 02 2015

Abel Acosta, Clerk

PETITION FOR REVIEW FROM THE SEVENTH
COURT OF APPEALS

# Petition For Review

Mr. Chrystopher Don Preciado
#1700033
William P. Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606

PETITIONER, PRO SE

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties, as well as the names and addresses of all counsel:

**PETITIONER:**
Mr. Chrystopher Don Preciado

**TRIAL AND APPELLATE COUNSEL FOR PETITIONER:**
Mr. Joe Marr Wilson
Attorney at Law
905 S. Fillmore, Suite 650
Amarillo, Texas 79101

**APPELLEE:**
The State of Texas

**TRIAL COUNSEL FOR APPELLEE:**
Ms. Audra Mink
Mr. J. Patrick Murphy
Assistant 47th District Attorneys
Potter County Courts Building
501 S. Fillmore
Amarillo, Texas 79101

**TRIAL COURT:**
Honorable Richard Dambold (by Assignment - Trial)
Honorable Abe Lopez (by Assignment - Motion for New Trial)
Honorable H. Bryan Poff (by Assignment - Motion for New Trial)
47th District Court
Potter County Courts Building
Amarillo, Texas 79101

**APPELLATE COURT:**
Honorable Brian Quinn (Chief Justice)
Honorable Mackey K. Hancock (Justice)
Honorable Patrick A. Pirtle (Justice)
7th District of Texas
Potter County Courts Building
Amarillo, Texas 79101

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . . 1

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

### ISSUE ONE . . . . . . . . . . . . . . . 3

THE COURT OF APPEALS ERRED BY MISCONSTRUING TEXAS RULE OF APPELLATE PROCEDURE 21.9 (b)[1] AND TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 21.24 (a)[2] TO PETITIONER'S SOLE ISSUE RAISED ON APPEAL. (SEE PG. 4 AND 5 OF THE RECORD)

### ISSUE TWO . . . . . . . . . . . . . . . 4

ALTHOUGH PETITIONER DID NOT OBJECT TO INDICTMENT PRIOR TO TRIAL, DOES THE FACT THAT THE COURT OF APPEALS PLAINLY HELD INDICTMENT ERRONEOUS STOP PETITIONER FROM CHALLENGING THE JURISDICTION OF THE TRIAL COURT? (SEE PG. 5 OF THE RECORD)

### ISSUE THREE . . . . . . . . . . . . . . . 6

DOES THE COURT OF APPEAL'S OWN ADMISSION TO DECLINE TO DECIDE AN IMPORTANT QUESTION OF STATE AND FEDERAL LAW CALL FOR AN EXERCISE OF THE COURT OF CRIMINAL APPEALS POWER OF SUPERVISION? (SEE PG. 7 OF THE RECORD)

[1] FURTHER REFERENCE TO THE TEXAS RULE OF APPELLATE PROCEDURE WILL BE BY REFERENCED TO "RULE __" OR "rule __."

[2] FURTHER REFERENCE TO THE TEXAS CODE OF CRIMINAL PROCEDURE WILL BE REFERENCED TO "ART. __" OR "ART. __."

# TABLE OF CONTENTS CONTINUED

Arguments of Issues Presented . . . . . . . . . . . . . . . . . 3

Prayer for Relief . . . . . . . . . . . . . . . . . . . . . . . 7

Appendix . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# INDEX OF AUTHORITIES

## CASES

American Plant Food Corporation vs State 508 SW2D 598 (Tx. Cr. App. '74) . . . 6

Brasfield vs State 600 SW2D 288 (Tx. Cr. App.) . . . . . . . 5

Ex Parte Drinkert 821 SW2D 953 (Tx. Cr. App. '91) . . . . . 5

Ex Parte Thompson 153 SW2D 416, 421 . . . . . . . . . . 7

French vs State 830 SW2D 607 (Tx. Cr. App. '92) . . . . . 3

Garcia vs Dial 596 SW2D 524, 525 (Tx. Cr. App. '80) . . . . . 5, 6

Gideon vs Wainwright 83 S.Ct. 792 (T.C.C.A. '07) . . . . . 4

Hathorn vs State 848 SW2D 101 (Tx. Cr. App. '92) . . . . . 7

Lackey vs State 574 SW2D 97 (Tx. Cr. App. '78) . . . . . . 4

Meyer vs Estelle 621 F2D 769, 771 (5th Cir. '80) . . . . . . 5

McGowan vs State 938 SW2D 732 (Tx. App. 14th Dist. '96) . . . . 5

Nix vs State 65 SW3D 664 (Tx. Cr. App. '01) . . . . . . . 4

Proctor vs. State 967 SW2D 840, 844 . . . . . . . . . . 6

Rhoten vs. State 299 SW3D 349, 356 (Tx. App. - Texarkana '09) . 5

Riley vs Cockrell 339 F3D 308 (5th Cir. '03) . . . . . . . 5

State vs Moreno 807 SW2D 327 . . . . . . . . . . . . 7

Young vs State 488 SW2D 820 (Tx. Cr. App. '72) . . . . . . 6

## CONSTITUTIONS

Texas Constitution I § 10 . . . . . . . . . . . . . . 4

Texas Constitution I § 14 . . . . . . . . . . . . . . 4

Texas Constitution V § 12 (b) . . . . . . . . . . . . 4

U.S.C.A. V . . . . . . . . . . . . . . . . . . . . 4

U.S.C.A. XIV . . . . . . . . . . . . . . . . . . . . 4

## STATUTES AND CODES

Texas Code of Criminal Procedure Article 21.24 (a) . . . . . ii, 2, 3

Texas Code of Criminal Procedure Article 27.08 (3) . . . . . 5

Texas Code of Criminal Procedure Article 27.08 (4) . . . . . 6

Texas Code of Criminal Procedure Article 44.25 . . . . . . 6

Texas Penal Code Section 3.01 . . . . . . . . . . . . 3

Texas Penal Code Section 3.04 (a) . . . . . . . . . . . 7

Texas Penal Code Section 29.03 (a) 2 . . . . . . . . . . 4

Texas Penal Code Section 29.03 (a) 3 . . . . . . . . . . 4

# INDEX OF AUTHORITIES CONT.

## RULES

FEDERAL RULE OF CRIMINAL PROCEDURE 52(b). . . . . . . . .4

TEXAS RULE OF APPELLATE PROCEDURE 21.9(b). . . . . . ii,2,3

TEXAS RULE OF APPELLATE PROCEDURE 66.3. . . . . . . . .7

# STATEMENT REGARDING ORAL ARGUMENT

The Petitioner believes that Oral Argument would significantly aid the Court in determining the legal and factual issues presented.

# STATEMENT OF THE CASE

Petitioner was charged by indictment in Cause No. 60,196-A with two counts of aggravated robbery, enhanced by one previous felony conviction, which allegedly occured on or about July 17, 2009, in Potter County, Texas (C.R. 1:5). After pleading not guilty to a jury on March 17, 2010 (R.R. 3:10), Petitioner was convicted of both counts as charged (C.R. 1:47,50; R.R. 3:191). Petitioner pled "True" to the enhancement paragraph, and the jury assessed a punishment of confinement in the Texas Department of Criminal Justice - Institutional Division for a period of Forty years in each count, to which Petitioner was sentenced in open court on March 18, 2010 (C.R. 1:47,50; R.R. 3:192, 4:31).

Petitioner filed a Motion for New Trial on April 16, 2010, and a hearing was had on this motion on April 30, 2010 (C.R. 1:56; S.R.R. 1:6). The Trial Court signed an "Order on Motion for New Trial and Motion in Arrest of Judgement" on May 6, 2010 (C.R. 1:76). Petitioner perfected his appeal by filing a Notice of Appeal on June 16, 2010 (C.R. 1:79).

# STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals for the Seventh District of Texas handed down it's opinion of Cause No. 07-10-00242 (Trial Court No. 60,196-A) on July 13, 2011. No Motion for Rehearing was filed within the 15 days alloted (Rule 49). Petitioner filed an application for 11.07 Writ of Habeas Corpus on January 3, 2014 requesting an out-of-time petition for discretionary review. On October 1, 2014 the Court of Criminal Appeals granted Petitioner's application (WR-80,751-01).

1

# ISSUES PRESENTED

I. The Court of Appeals erred by misconstruing Rule 21.9 (b) and Art. 21.24 (a) to petitioner's sole issue raised on appeal.

II. Although Petitioner did not object to indictment prior to trial, does the fact that the Court of Appeal plainly held indictment erroneous stop Petitioner from challenging the jurisdiction of the Trial Court?

III. Does the Court of Appeals own admission that they were unable to find a precedent that would aid them in deciding an important question of State and Federal law demand for an exercise of the Court of Criminal Appeals power of supervision to set precedent?

# ARGUMENTS OF ISSUES PRESENTED

I. THE COURT OF APPEALS ERRED BY MISCONSTRUING RULE 21.9(b) AND ART. 21.24(a) TO PETITIONER'S SOLE ISSUE RAISE ON APPEAL.

THE COURT OF APPEALS HOLDS THAT PETITIONER'S REFERENCE TO RULE 21.9(b) GIVES AN INCOMPLETE PICTURE OF THE RESULTS OF THE TRIAL COURTS GRANTING A NEW TRIAL AS TO COUNT II OF THE STATES INDICTMENT, YET ONCE A NEW TRIAL HAS BEEN GRANTED BY THE TRIAL COURT IS THE EFFECT OF THE COURT'S ORDER NOT GOVERNED BY THE TEXAS RULES OF APPELLATE PROCEDURE? FURTHERMORE, IF RULE 21.9(b) GIVES AN INCOMPLETE PICTURE OF THE RESULTS THEN WHY DOES THE COURT OF APPEALS EXPOUND ON IT? THE PETITIONER CONTENDS THAT RULE 21.9(b) DOES HELP THE DIRECTION ABOUT THE DISPOSITION OF THE MATTER BEFORE THE COURT BECAUSE IT POINTS BACK TO THE STATE'S INDICTMENT. THEN THE COURT OF APPEALS CITES ART. 21.24(a) TO ANSWER THE QUESTION OF WHAT THE POSITION OF THE CASE WAS IN BEFORE THE FORMER TRIAL WAS CONDUCTED. IN COMBINATION WITH TEXAS PENAL CODE SECTION 3.01[3] BOTH OF THESE STATUTES WORK TOGETHER TO PROVIDE THE PROPER REMEDY IN JOINING TWO OR MORE OFFENSES IN A SINGLE INDICTMENT; HOWEVER, THE STATUTES DID NOT INTEND FOR THE JOINDER OF THE SAME OFFENSE TWICE — WHICH IS EXACTLY WHAT WAS DONE IN THIS INSTANCE. THE STATE CLEARLY AGREED THAT THERE WAS ONLY ONE COMMISSION OF AGGRAVATED ROBBERY ALLEGED AGAINST PETITIONER AND RATHER THAN SUPPORTING THE POSITION OF THE COURT OF APPEALS, PETITIONER'S READING OF ART. 21.24(a) AND SEC. 3.01 SEEM TO SUPPORT THE NEED TO HAVE THIS MATTER BROUGHT TO THE ATTENTION OF THE COURT OF CRIMINAL APPEALS SO IT MAY EXERCISE IT'S POWER OF SUPERVISION AND THE RECORD MAY SPEAK THE TRUTH (FRENCH VS STATE 830 SW 2D 607).

---

[3] FURTHER REFERENCE TO THE TEXAS PENAL CODE WILL BE REFERENCED TO "SEC. ___" OR "SEC. ___."

II. Although Petitioner did not object to indictment prior to trial, does the fact that the Court of Appeals plainly held indictment erroneous stop Petitioner from challenging the jurisdiction of the Trial Court?

While most rights and procedural matters may be waived, jurisdictional matters may not be (Lackey vs State 574 SW2d 97). A valid indictment is essential for jurisdiction and is not subject to waiver (Texas Constitution Article V §12(b), I §10). That being stated, the offenses of aggravated robbery, in Petitioner's indictment, were not distinct assaults against 2 different persons, sufficiently separated by time and place so that the prosecution for both was in violation of State and Federal Constitution double jeopardy provisions (Texas Constitution I §14; USCA V, XIV). If the charging instrument fails to satisfy constitutional requisites it fails to vest the Trial Court with jurisdiction and a judgement of conviction based on it is void (Nix vs State 65 SW3d 664, ~~285 Texas App Texas 792~~; 83 S.Ct. 792). For a judgement to be void, the record must leave no question about the existence of the fundamental defect - which the record clearly does - in the indictment with the double jeopary provisions, as well as the nature of the statutory language in both counts. The State correctly follows the language of Sec. 29.03 (a) 2 in both counts (except for the double jeopardy provisions), but the flaw arises when it chooses to "blend" Sec. 29.03 (a) 3 in both. The first count alleged aggravated robbery by "intentionally, knowingly, or recklessly caused bodily injury...", and the second count of the indictment alleged aggravated robbery by "intentionally or knowingly threaten and place in fear of imminent bodily injury and death..." Sec. 29.03 (a) 3 clearly states this language is to be used only if the person is (A) over 65 or (B) disabled. Thus, both counts, upon review by the Court of Appeals should have been considered invalid. Federal Rules of Criminal Procedure Article 52 (b) states, "Plain error affecting

4

substantial rights may be considered even though it was not brought to the courts attention." If a charging instrument contains a fundamental defect, the court never had jurisdiction of the case, thus the entire prosecution was in effect illegal and unauthorized (Brasfield vs. State 600 SW2d 288). The Trial Court and Court of Appeals should not be allowed to apply the law ex post facto to an illegal action and expect a legal result. If the convicting court lacks jurisdiction, then the power of court to act is absent as if it did not exist (Garcia vs. Dial 596 SW2d 524, 525) and conviction and sentence are void. [The Court of Criminal Appeals] will consider the sufficiency of the indictment as a basis for relief if the mistake in the indictment is so ... defective that it deprives the convicting court of jurisdiction (Meyer vs. Estelle 621 F2d 769, 771 [5th Cir.]; Riley vs. Cockrell 339 F3d 308 [5th Cir.]). In McGowan vs. State (938 SW2d 732) it was held that in order to raise a constitutional challenge ... the questioned statute must affect the jurisdiction of the Trial Court to render a judgement against the defendant, and the defendant must challenge the facial constitutionality of the statute or argue the statute is void ab initio. The authority [of the Court of Criminal Appeals] to reform an incorrect judgement is not dependant on the request of any party, nor does it turn on a question of whether a party has or has not objected in Trial Court. [They] may act sua sponte and may have a duty to do so (Rhoten vs. State 299 SW3d 349, 356). In Ex Parte Drinkert (821 SW2d 953) the court held that when the jury is presented with 2 counts, one of which is invalid as a matter of law, and it is impossible to determine under which count the jury convicted, the Court of Appeals should not willingly assume that the jury ignored the invalid count and convicted under the valid count. In Art. 27.08(3) it states that there is no exception to the substance of an indictment unless it contains matter which is a legal defense or bar to the prosecution,

AND IN ART. 27.08 (4) THERE IS NO EXCEPTION UNLESS IT SHOWS UPON IT'S FACE THAT THE COURT TRYING THE CASE HAS NO JURISDICTION THEREOF. TEXAS STATUTES AND CASE LAW RECOGNIZE A DISTINCTION BETWEEN AN OBJECTION TO AN INDICTMENT ON SUBSTANCE AND FORM (AMERICAN PLANT FOOD CORPORATION VS. STATE 508 SW2D 598). FURTHERMORE THE SUPREME COURT HELD IF ONE OF THE "ALTERNATIVES" SUBMITTED IN AN INDICTMENT IS UNCONSTITUTIONAL THEN A CONVICTION CANNOT STAND. THERE IS ONLY ONE REMEDY FOR A CONVICTION BY A FLAWED INDICTMENT — IT IS TO BE REVERSED AND DISMISSED WITH PREJUDICE (GARCIA VS DIAL 596 SW2D 524). ART. 44.25 STATES THAT THE COURT OF APPEALS OR COURT OF CRIMINAL APPEALS MAY REVERSE THE JUDGEMENT IN A CRIMINAL ACTION, AS WELL UPON THE LAW AS UPON THE FACTS.

III. DOES THE COURT OF APPEALS OWN ADMISSION THAT THEY WERE UNABLE TO FIND A PRECEDENT THAT WOULD AID THEM IN DECIDING AN IMPORTANT QUESTION OF STATE AND FEDERAL LAW DEMAND FOR AN EXERCISE OF THE COURT OF CRIMINAL APPEALS POWER OF SUPERVISION TO SET PRECEDENT?

"THE DOCTRINES OF STARE DECISIS AND LAW OF THE CASE SHOULD GENERALLY BE FOLLOWED, BECAUSE THEY PROMOTE JUDICIAL EFFICIENCY AND CONSISTENCY, THEY FOSTER RELIANCE ON JUDICIAL DECISIONS AND THEY CONTRIBUTE TO THE ACTUAL AND PERCEIVED INTEGRITY OF THE JUDICIAL PROCESS, BUT WHEN GOVERNING DECISIONS OF [THE COURT] ARE UNWORKABLE OR BADLY REASONED [THE COURT SHOULD NOT BE] CONSTRAINED TO FOLLOW PRECEDENT. IF IT WERE, THE LAW WOULD NEVER DEVELOP" (PROCTOR VS STATE 967 SW2D 840, 844). "WHILE THE DOCTRINE OF STARE DECISIS SHOULD BE CONTROLLING ONLY IF IT MAKES SENSE OR FOLLOWS LOGICAL REASONING, IT IS A RULE OF PRECEDENT" (YOUNG VS STATE 488 SW2D 820); HOWEVER, UPON APPELLATE REVIEW, WHEN NO PRECEDENT OR

AUTHORITY IS FOUND AMONGST THEIR JURISPRUDENCE TOWARDS THEIR DISPOSITION OF THE CASE, SHOULD NOT THE COURT OF CRIMINAL APPEALS ESTABLISH SUCH? (SEE RULE 66.3) PETITIONER PROPOSED ON APPEAL THAT THE ADMITTEDLY ERRONEOUS INDICTMENT SHOULD NOT HAVE BEEN SUBJECT TO SEVERANCE AS PROVIDED IN SEC. 3.04 (a) AND CITED THE COURT TO HATHORN VS STATE, 848 SW2D 101, BECAUSE OF THE LACK OF PRECEDENT, THE COURT HAD NO DIRECTION IN GRANTING RELIEF ON PETITIONER'S PROPOSITION THAT THE SEPARATE COUNTS, IN THE ADMITTEDLY ERRONEOUS INDICTMENT, SHOULD HAVE BEEN TREATED AS THE SEPARATE PARAGRAPHS (OF DIFFERENT MANNER AND MEANS) THEY WERE INTENDED TO BE." THE CRIMINAL JUSTICE SYSTEM MAKES TWO PROMISES TO ITS CITIZENS: A FUNDAMENTALLY FAIR TRIAL AND AN ACCURATE RESULT. IF EITHER OF THOSE TWO PROMISES ARE NOT MET, THE CRIMINAL JUSTICE SYSTEM ITSELF FALLS INTO DISREPUTE AND WILL EVENTUALLY BE DISREGARDED" (EX PARTE THOMPSON 153 SW3D 416, 421); FURTHERMORE, THE CRIMINAL JUSTICE SYSTEM DEPENDS UPON TRIAL JUDGES MAKING CORRECT LEGAL RULINGS. TEXAS LAWS PROVIDE FOR APPELLATE REVIEW OF THOSE RULINGS TO ENSURE THAT THE SYSTEM WILL DELIVER ACCURATE RESULTS ..." (STATE VS MORENO 807 SW2D 327).

## PRAYER FOR RELIEF

FOR THE ISSUES HEREIN PRESENTED, PETITIONER PRAYS THIS COURT GRANT THIS PETITION, AND UPON REVIEWING THE JUDGEMENT ENTERED BELOW, REVERSE THIS CAUSE AND REMAND IT FOR A NEW TRIAL.

RESPECTFULLY SUBMITTED,

CHRYSTOPHER DON PRECIADO, PETITIONER PRO SE, #1700033 TEXAS DEPARTMENT OF CRIMINAL JUSTICE, WILLIAM P. CLEMENTS UNIT; 9601 SPUR 591; AMARILLO, TX 79107-9606

7

# APPENDIX



BRIAN QUINN
Chief Justice

JAMES T. CAMPBELL
Justice

MACKEY K. HANCOCK
Justice

PATRICK A. PIRTLE
Justice

# Court of Appeals

Seventh District of Texas
Potter County Courts Building
501 S. Fillmore, Suite 2-A
Amarillo, Texas 79101-2449
www.7thcoa.courts.state.tx.us

PEGGY CULP
CLERK

MAILING ADDRESS:
P. O. Box 9540
79105-9540

(806) 342-2650

July 13, 2011

Joe Marr Wilson
Attorney at Law
Wells Fargo Center
905 S. Fillmore Street, Suite 650
Amarillo, TX 79101

John L. Owen
Assistant District Attorney
501 S. Fillmore Street, Suite 5A
Amarillo, TX 79101

Dear Counsel:

The Court this day disposed of Cause No. 07-10-00242-CR, styled CHRYSTOPHER DON PRECIADO V. THE STATE OF TEXAS. Enclosed are copies of the Court's judgment and opinion. TEX. R. APP. P. 48.

In addition, pursuant to Texas Government Code, Sec. 51.204(b)(2), exhibits on file with this Court, **if any**, will be destroyed three years after final disposition of the case or at an earlier date if ordered by the Court.

Very truly yours,

PEGGY CULP, CLERK

By: _____

xc:    Honorable Richard Dambold
Honorable Dan L. Schaap
Caroline Woodburn
Lisa Carol McMinn
Lexis/Nexis
Wolters Kluwer Law & Business
State Bar of Texas
West Publishing



# COURT OF APPEALS
## SEVENTH DISTRICT OF TEXAS
### AMARILLO

## MANDATE

THE STATE OF TEXAS

To the 47th District Court of Potter County, Greeting:

BEFORE our Court of Appeals for the Seventh District of Texas, on July 13, 2011, the cause upon appeal to revise or reverse your judgment between

Chrystopher Don Preciado

No. 07-10-00242-CR     And    Trial Court No. 60,196-A

The State of Texas

was determined and therein our said Court made its order in these words:

Pursuant to the opinion of the Court, it is ordered, adjudged and decreed that the judgment of the trial court be affirmed.

Inasmuch as this is an appeal in forma pauperis, no costs beyond those which may have been paid are adjudged.

It is further ordered that this decision be certified below for observance.

oOo

WHEREFORE, WE COMMAND YOU To observe the order of said Court of Appeals for the Seventh District of Texas, in this behalf, and in all things to have it duly recognized, obeyed and executed.

WITNESS, the Honorable Justices of our said Court, with the seal thereof annexed, at the City of Amarillo on September 28, 2011.

PEGGY CULP, CLERK

By _____
Deputy Clerk

Chrystopher Don Preciado
Appellant

v. 07-10-00242-CR

The State of Texas
Appellee

☐ From the 47th District Court
Of Potter County

☐ July 13, 2011

☐ Opinion by Justice Hancock

## J U D G M E N T

Pursuant to the opinion of the Court, it is ordered, adjudged and decreed that the judgment of the trial court be affirmed.

Inasmuch as this is an appeal in forma pauperis, no costs beyond those which may have been paid are adjudged.

It is further ordered that this decision be certified below for observance.

o O o

NO. 07-10-00242-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 13, 2011

CHRYSTOPHER DON PRECIADO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 60,196-A; HONORABLE RICHARD DAMBOLD, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Chrystopher Don Preciado, was indicted on two counts of aggravated robbery,[1] enhanced by allegations of one prior felony conviction. A jury convicted appellant on both counts and, after appellant pleaded true to the enhancement allegation, sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of 40 years on each count with the sentences to run concurrently. Appellant filed a motion for new trial contending that there was but one offense, and that the convictions were barred by considerations of

---

[1] See TEX. PENAL CODE ANN. § 29.03 (West 2011).

being convicted and punished twice for the same offense. The trial court sustained the motion for new trial as to count II and the State filed a motion to dismiss count II of the indictment, which the trial court granted. Appellant appeals contending that the trial court erred in not granting a new trial as to the entire indictment. We affirm.

Factual & Procedural Background[2]

John Perez, the victim of the aggravated robbery, was accosted at knifepoint on July 17, 2009, and robbed of his wallet. Appellant was subsequently arrested for the offense. When appellant was indicted, the indictment alleged two counts of aggravated robbery. The first count alleged aggravated robbery by,

> intentionally, knowingly, or recklessly caused bodily injury to John Perez by cutting him with a knife, and the defendant did then and there use and exhibit a deadly weapon, namely, a knife, . . . .

The second count of the indictment alleged aggravated robbery by,

> intentionally or knowingly threaten and place John Perez in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon, to-wit: a knife, . . . .

At trial, the court submitted both counts and the jury returned a verdict of guilty as to each. After appellant pleaded true to the enhancement allegations during the punishment phase of the trial, the jury returned a sentence of confinement for 40 years on each count.

---

[2] Appellant is not challenging the sufficiency of the evidence to sustain the conviction, therefore, only limited factual matters will be discussed.

Appellant then filed a motion for new trial alleging that the indictment simply alleged two different manner and means of committing but one incident of aggravated robbery. The State agreed with appellant that there was only one aggravated robbery. The trial court granted the motion for new trial as to count II and the State subsequently dismissed that count. Appellant then perfected his appeal contending that the trial court erred when it did not grant the motion for new trial as to the entire case. We will affirm.

## Standard of Review

We review the granting or denial of a motion for new trial under an abuse of discretion standard. Charles v. State, 146 S.W.3d 204, 208 (Tex.Crim.App. 2004). As the reviewing court, we do not substitute our judgment for that of the trial court, rather we decide whether the trial court's decision was arbitrary and unreasonable. Id. Further, we must view the evidence in the light most favorable to the trial court's ruling and presume all reasonable factual findings that could have been made against the losing party were made. Id. Accordingly, a trial court abuses its discretion by denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. Id.

## Analysis

Appellant's contention is straight forward. Simply put, appellant contends that since the indictment was not truly one indictment with two counts, but rather one indictment with two paragraphs alleging different manner and means to commit the single offense of aggravated robbery, the trial court's action in granting the motion for new trial had to extend to the entire indictment. To support this proposition, appellant

3

cites the Court to Texas Rule of Appellate Procedure 21.9(b);[3] <u>State v. Bates</u>, 889 S.W.2d 306 (Tex.Crim.App. 1994); <u>Reed v. State</u>, 516 S.W.2d 680 (Tex.Crim.App. 1974); and <u>Sanders v. State</u>, 832 S.W.2d 719 (Tex.App.—Austin 1992, no pet.). We will review the applicability of these citations to appellant's issue.

As an initial matter, we look to rule 21.9(b). This rule provides that, if a motion for new trial is granted, the case is restored to the position it was in before the former trial was conducted. This leads to the question of "what was the former position of the case before the former trial was conducted?" To answer this question, we turn to the Texas Code of Criminal Procedure.[4] Article 21.24(a) provides that,

> Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.

Criminal episode is defined in section 3.01 of the Texas Penal Code as,

> In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> (1)    the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
>
> (2)    the offenses are the repeated commission of the same or similar offense.

---

[3] Further reference to the Texas Rules of Appellate Procedure willl be by reference to "Rule ___" or "rule ___."

[4] Further reference to the Texas Code of Criminal Procedure willl be by reference to "Art. ___" or "art. ___."

4

See TEX. PENAL CODE ANN. § 3.01 (West 2011).[5] When read together, these provisions give the complete legal landscape for using an indictment to allege offenses in multiple counts within an indictment. Appellant's reference to rule 21.9(b) gives an incomplete picture of the results of the trial court's granting a new trial as to count II. After reviewing the indictment in question, it is clear that the State did, in fact, allege a completed offense in each of the two counts. Appellant did not object to the indictment prior to trial; rather the record reflects that his objection was made during the charge conference about what the jury would be allowed to consider in rendering its verdict. To the extent appellant's argument might be construed to be an objection to the indictment, the same has been waived. See Rule 33.1(a)(1). The fact that the State erred in attempting to allege the incident in two counts does not change the fact that it was alleged in two separate counts and not in paragraphs.

Appellant first cites us to Bates, 889 S.W.2d 306, for the proposition that the granting of the new trial places the case back in the position it was in before the trial. That is correct, however, the factual and procedural posture of Bates was far removed from the case at bar. In Bates, the trial court attempted to grant a new trial on the issue of punishment only. Id. at 308. The Court of Criminal Appeals pointed out that the trial court was not one of the courts, enumerated in art. 44.29, with the authority to order a new trial on punishment only, therefore the effect of the order was to place the case back into its posture before trial. Id. at 310.

---

[5] Further reference to the Texas Penal Code willl be by reference to "sec. ___" or "§ ___."

5

Appellant next contends that the case of <u>Reed</u>, 516 S.W.2d at 680, controls our disposition of this case. We cannot agree with appellant's reading of <u>Reed</u>. <u>Reed</u> dealt with the effect of the trial court granting a new trial on the basis of the appellant's having filed a *pro se* notice of appeal following a guilty plea wherein the appellant had waived the right of appeal. <u>Id</u>. at 681-82. The issue was whether or not the notice of appeal could be treated as a motion for new trial, and the court said that it could. <u>Id</u>. at 682. The court stated that the action of the "trial court in granting a new trial should not be subject to review by this Court except where it is contended that the trial court was without jurisdiction. . . ." <u>Id</u>. Such was not the claim, and the court affirmed the new trial. <u>Id</u>. Rather than supporting the position of appellant, our reading of <u>Reed</u> seems to support the granting of a new trial as to count II since appellant does not challenge the trial court's jurisdiction to grant a new trial.

Appellant's citation to <u>Sanders</u>, 832 S.W.2d 719, simply states that, when a new trial for punishment only is granted by an intermediate appellate court, the case begins again as if a finding of guilt had been returned by the jury. <u>Id</u>. at 721. This provides the Court with no direction about the disposition of the matter before us.

Appellant then cites us to <u>Hathorn v. State</u>, 848 S.W.2d 101 (Tex.Crim.App. 1992), for the proposition that, when an indictment alleges different paragraphs setting out the manner and means of commission of an offense, the separate paragraphs are not subject to severance as provided in sec. 3.04(a). <u>Id</u>. at 113. That is a correct proposition; however, this proposition does not control our disposition of the case. The indictment in <u>Hathorn</u> was set forth in one count with three paragraphs. <u>Id</u>. Essentially,

6

appellant is asking the Court to treat the separate counts, admittedly erroneously pleaded, as a pleading of separate paragraphs. We find no authority for this proposition and decline to do so.

Our jurisprudence provides that, when an appellant has been subjected to multiple punishments for the same conduct, the proper remedy on appeal is to affirm as to the most serious offense and to vacate the other convictions. See Bigon v. State, 252 S.W.3d 360, 372-73 (Tex.Crim.App. 2008). We find no legal reason that the trial court, when made aware of the violation of the rule against multiple punishments for the same conduct, cannot affect the same result by granting a motion for new trial. More especially, when the error occurred in the context of an indictment presented in separate counts, we have found no bar to the action taken by the trial court in the present case. In the final analysis, we hold that the trial court did not abuse its discretion in granting the new trial as to count II. See Charles, 146 S.W.3d at 208. To hold otherwise would be to force appellant to appeal the multiple convictions and, ultimately, have the appellate court take the exact same course of action that the trial court has taken in this case. Such a holding would be a waste of judicial resources and require a needless appeal. Our holding is made more compelling by the lack of any known prohibition against the trial court taking such an action. Accordingly, we overrule appellant's issue.

## Conclusion

Having overruled appellant's issue, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Publish.

8

DOC # 1700033
Tay Department of
Criminal Justice
Wiliam P. Clements Unit
901 Spur 591
Amarillo, TX 79107-9606

Mr. Abel Acosta, Clerk
Court of Criminal Appeals
PO Box 12308
Austin, TX 78711


7014 0150 0002 2093 5744


U.S. POSTAGE
PAID
AMARILLO, TX
79117
JAN 26 '15
$5.33
000754 87-02

1000

78711